In the Matter of the Application of JOHN J. BELLMAN, Appellant, for a Peremptory Mandamus Order against STANDARD MATCH COMPANY and Others, Respondents.

Second Department, January 25, 1924.

**Corporations — books and records — mandamus to compel dissolved corporation to permit director to examine books and make extracts — director does not have absolute right after dissolution — purpose of petitioner being hostile to his duties as director, court properly denied mandamus.**

A director of a dissolved corporation does not have an absolute right to inspect the books of the corporation and to make extracts therefrom, and where it appears that the purpose of the director in asking the court to compel the corporation to permit him to examine the books is hostile to his duties as a director of the dissolved corporation, the court should in the exercise of its discretion deny his application for a peremptory mandamus order.

APPEAL by the petitioner, John J. Bellman, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 28th day of December, 1923, denying his motion for a peremptory mandamus order.

*Albert Mannheimer*, for the appellant.

*George P. Breckenridge*, for the respondents.

KAPPER, J.:

The petitioner seeks a peremptory mandamus order to permit him, assisted by an attorney at law of his selection, to examine, copy and make extracts from the books of the defendant corporation. He bases his claim upon the fact that prior to September, 1919, he was elected, and claims now to be, a director of the respondent corporation. Whether there has been an election of directors since 1919 is not shown. In the petition for the order the petitioner

specifically alleges that such inspection and copying as he seeks are limited to such of the books and papers of the corporation as appertain " to the sale of the plant of the corporation at Garfield, New Jersey." On behalf of the respondents it is asserted that the petitioner, in April, 1922, brought an action against the corporation to recover the sum of $3,000, for alleged commissions due him on the sale of the plant; and that the petitioner, acting as general manager of the corporation, entered into negotiations for the sale of said plant, secretly, and without notifying the corporation thereof. It is further alleged by the respondents that the petitioner's " said action is about to be reached for trial and this application for inspection is made to enable him to find out what evidence he left behind him of his secret negotiations when he ceased to be General Manager and Secretary of said corporation and not for the purpose of performing his duties as a director in the management of the defendant corporation." Respondents further allege that on May 11, 1922, the corporation was dissolved in proceedings for a voluntary dissolution, of all of which the petitioner had full knowledge " and in which he participated." The petitioner makes no reply to the respondents' allegations excepting to admit the dissolution of the corporation, which, he says, was " under and pursuant to Section 221 of the General Corporation Law."

The petitioner, whose application was denied at Special Term, contends that as a director he has an absolute and unqualified right to inspect the books, records and documents of the corporation, and that his motives are irrelevant. To enable a director of a corporation to perform the duties of his office his right to inspect the corporate books is undoubtedly an absolute one. (*People ex rel. Leach* v. *Central Fish Co.*, 117 App. Div. 77; followed and approved by the Court of Appeals in *People ex rel. Grant* v. *Atlantic Terra Cotta Company*, 196 N. Y. 523.) But I think the present case an exception to the rule laid down in the *Leach* case. It is agreed, as stated, that the corporation was dissolved on May 11, 1922, by proceedings for its voluntary dissolution taken pursuant to section 221 of the General Corporation Law* (now superseded by section 105 of the Stock Corporation Law, in effect October 1, 1923). Granting that ordinarily " the duty of a director is to direct," his obligations are materially modified after a voluntary dissolution. He then is required to exercise only such power as is incidental to " paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs." (Gen. Corp. Law of 1909, § 221,

---

* See Laws of 1922, chap. 382, amdg. said § 221.— [Rep.

subd. 3. See, also, Stock Corp. Law of 1923, § 105, subd. 8.) These specific and limited provisions manifestly require compliance in order that the corporation may properly and legally be dissolved. Acts beyond the provisions of the statute would not be permissible. As the situation is here disclosed, I think it was appropriately shown in response to the application that the purposes of the petitioner were not in furtherance of his duties as a director after dissolution, but were actually hostile and inimical to such purposes. In the circumstances here presented it was proper to exercise a discretion whether or not to grant the application to inspect the corporate books. Even in the case of a going concern, it was held " manifestly improper to allow relator [a director] to bring with him the representatives of rivals of the defendant in the same line of business, whose inspection of the books could easily be made the means of acquiring information that might be used to impair defendant's business." (*People ex rel. Poleti* v. *Poleti, Coda & Rebecchi, Inc.*, 193 App. Div. 738, 740.) The petitioner in no wise indicates that he has been excluded from participation in winding up the corporate affairs, but stands his ground that he still is a director, with all the rights appertaining to his office in an existing and going corporation, and entitled to the order sought as matter of strict legal right. I think for the reasons set forth that his rights were not as broad as he asserts, and that the learned justice at Special Term was correct in denying his motion.

I, therefore, advise that the order appealed from be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX, MANNING and YOUNG, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.