SOLOMON Z. MELUP, Plaintiff, *v.* RUBBER CORPORATION OF AMERICA et al., Defendants.

Supreme Court, Special Term, New York County, June 5, 1943.

*Benjamin Lewis* and *S. Howard Imbrey* for plaintiff.

*Jerome H. Doran* for defendants.

EDER, J. The plaintiff seeks to enjoin the defendants from interfering with him in the discharge of his office as a director of the corporate defendant. In brief, the basis of complaint is that they have obstructed his right of access as a director and stockholder to the corporation's plant and factory and have threatened to physically eject him if he should come there; that his presence is tolerated provided he is accompanied by an escort; that he is not permitted to freely converse with employees; that anything he might say to or discuss with employees would be overheard by his unwanted accompanist, and it is also claimed by plaintiff that he has been denied access to the books and records of the corporation, unless accompanied with certain restrictions. The plaintiff proceeds upon the premise that his right as a director to examine the books and records and to inspect the plant of the corporation is an absolute one and not subject to the imposition of any conditions, and this regardless of any motive that he may have in doing so; that he is entitled to such examination and inspection without let or hindrance in order that he may be able to comprehensively and intelligently inform himself as to the condition of the corporation, formulate a policy and otherwise properly discharge his functions as a director.

The rules of law with respect to such right are well known and citation seems a superfluous gesture; cases cited by plaintiff deal with the right to examine books and records. It is held that a right of visitation and inspection of the physical property of the corporation also exists. (*Hobbs* v. *Tom Reed Gold Mining Co.*, 164 Cal. 497, 501, 502.) This is sound logic for the latter right necessarily flows from the former, being inseparably interwoven and in furtherance of the same objective; the same principle is applicable in the one instance as in the other.

But while it has been stated as a general expression that the right of a director to an examination and inspection is absolute irrespective of motive (*People ex rel. Wilkins* v. *Ascher Silk Corp.*, 207 App. Div. 168, affd. 237 N. Y. 574), it is subject, of necessity, to certain exceptions, as to whether the examination and inspection sought are for unlawful purposes, for objects hostile to the interests of the corporation, to annoy or harass the corporation, or for purposes detrimental to it; and if such appear to be the fact, the right, however absolute, will be refused; and these limitations apply with equal force to both stockholder and director. (*Matter of Bellman* v. *Standard Match Co.*, 208 App. Div. 4; *Matter of Hitchcock*, 157 App. Div. 328; *People ex rel. Lehman* v. *Consolidated Fire Alarm Co.*, 142 App. Div. 753.)

The rule upon which the plaintiff relies is not an unyielding one, but its enforcement will depend on the facts and circumstances of each particular case; it is a rule founded in reason and justice, hence it is subject to the exception that the right to inspect and examine must be invoked in good faith (cases, *supra*); and even where the right exists and is legitimately invoked, nonetheless its exercise must not be incompatible with the best interests of the corporation; it must not be exercised in a manner to interfere with or interrupt the orderly progress of the business of the corporation or with the corporate affairs either in the office or in the factory. Conversely, the director or stockholder must not be subjected to arbitrary, unfair or unwarranted restrictions, or humiliation, or to provocative conduct, but should be afforded a fair and reasonable opportunity for such inspection and examination; and in such a situation the law will exact of the respective parties commeasurable consideration as the standard of behavior; otherwise, it is manifest that disturbance must result. It is but the rule of mutual forbearance as applied in equity.

The rule deals with and recognizes realities; in the instant case much has been developed at the trial to warrant the precautionary measures which the defendants employed with respect to the plaintiff, and it was done, in my opinion, in good faith, to protect the interests of the corporation, which I find to be the fact. The defendants have no objection to the plaintiff's intelligently discharging his office of director and have no objection to his examining the books and records of the corporation or to his inspecting the plant; but they do insist, and I feel, properly so, that he shall not have access to the records containing the names of customers, suppliers, and employees; and, also,

that he shall not converse with employees during working hours. These are reasonable restrictions; the plaintiff does not need or require such records to inform himself sufficiently to adequately discharge his functions as a director; nor is it requisite for him, in that connection, to converse or hold discussions with employees during working hours.

The defendants suspect that the plaintiff's conduct in the mentioned respects is designed to inculcate dissatisfaction among the personnel, to accomplish interruption of manufacture, to enable him to bring about competition with the corporation, and that his entire course of conduct is prompted by other ulterior motives, the basic end sought to be gained being the ruination of the corporation, and that these books and records and the mentioned efforts at discussion with employees during working hours are needful to bring those objectives to fruition.

Of course, if this be the object the plaintiff should not be permitted to attain it; and considering all the other elements which have been shown on the trial, I cannot say that the deportment of the defendants evinces a refractory attitude such as to justify interference by a court of equity to the extent of granting to the plaintiff a carte-blanche intrusion by him into the records, affairs and operations of the corporation.

The decree to be entered herein will permit the plaintiff an inspection and examination of the books and records in the usual and customary manner, but not including the record of names of customers, names of suppliers, and names and addresses of employees; the plaintiff may have an inspection of the plant and he may make his observations, but he is not to converse with employees during working hours or in any way interfere with the operation of the plant; in each instance examination and inspection to take place at a reasonable hour, by reasonable notice given in advance as to day and hour; and at no time shall there be interference by plaintiff with the corporate business or affairs; and the defendants will be enjoined from interfering with the plaintiff, to the extent indicated.

Judgment accordingly. Findings waived. No costs. Appropriate exceptions to plaintiff and defendants. Settle judgment on one day's notice. Thirty days' stay; sixty days to make a case.