In the Matter of Samuel I. Posen, Petitioner, against United Aircraft Products, Inc., et al., Respondents.

Supreme Court, Special Term, New York County, March 10, 1952.

*Henry K. Chapman* for petitioner.

*Mortimer Hays* for respondents.

VALENTE, J. Petitioner brings this proceeding under article 78 of the Civil Practice Act to inspect and make extract copies of the books and records of respondent United Aircraft Products, Inc., an Ohio corporation. The petitioner, a director but not a stockholder of respondent, claims an "absolute right" to the relief under section 10 of the Stock Corporation Law. Respondent has, for over two months, offered to comply with petitioner's demand but has insisted that he first obtain necessary security clearance from the proper Federal government agency.

Since the petitioner has declined to apply for governmental security clearance, respondent corporation has resisted petitioner's demands upon two grounds: (a) that petitioner is affiliated with, and has given financial and other support to, persons and organizations of a communist nature, and his access to respondent's records is prohibited under the Espionage Law (U. S. Code, tit. 18, § 791 *et seq.*) and governmental security regulations unless petitioner receives security clearance from the government; (b) that this proceeding is part of an attempt by petitioner to extort money from directors of respondent corporation for reasons entirely personal to the petitioner and unrelated to any of his duties to the corporation as a director.

Petitioner's claim, as a director, to an absolute right to inspect and copy the records of respondent corporation under section 10 of the Stock Corporation Law is without merit. Section 10 confers certain qualified rights upon *stockholders* of *domestic* corporations. Petitioner is a director (not a stockholder) of a *foreign* corporation. Incidentally, section 113 of the Stock Corporation Law, relating to foreign corporations, applies only to *stockholders* of such corporations.

While the petitioner's claim has no statutory support, nevertheless, under the decisions of this court (*Matter of Davis* v. *Keilsohn Offset Co.*, 273 App. Div. 695; *Melup* v. *Rubber Corp. of America*, 181 Misc. 826), the right of a director to inspect corporate records has been upheld. The principal question presented in this proceeding is whether an exception to the general rule exists by reason of the Espionage Law, applicable government security regulations, and the petitioner's affiliations with communist persons and organizations.

Even at common law, and without statutory authority, courts have zealously guarded against the disclosure through judicial proceedings of information relating to the national defense (*Firth Sterling Steel Co.* v. *Bethlehem Steel Co.*, 199 F. 353; *Nields* v. *Lea*, 274 App. Div. 890).

The common-law rule against disclosure of such information has now been embodied in the Federal Espionage Law, which makes it a criminal offense for anyone who has possession of documents or information relating to national defense to communicate the same to " any person not entitled to receive it " (U. S. Code, tit. 18, § 793, subd. [d]). The statutory language of the Espionage Law should be given a broad interpretation (*Gorin* v. *United States*, 312 U. S. 19, 28), as it expresses a public policy which must override the rights of private litigants.

It is undisputed that approximately 92% of the work of the respondent United Aircraft Products, Inc., concerns itself with the national defense program, and the books and records of the corporation include much information concerning that program.

The Federal Government has established a procedure for security clearance of contractor personnel, under which the proper governmental agency may determine the security nature of individuals whose duties within a company require access to such information. My attention has been called to the Industrial Security Manual, issued by the Department of Defense, and the Air Force Regulations, both of which provide for an application by a director for security clearance through

the execution and filing of DD Form 48 (Personnel Security Questionnaire) and a finger print card. The petitioner Posen has failed to follow this requisite procedure despite repeated requests by respondent corporation for over two months. Petitioner's counsel conceded, in open court, that his client's personal rights were subordinate to the public policy enunciated in the Espionage Law. Petitioner's failure to submit his security status to the government for determination makes it necessary, therefore, for this court to decide whether the inspection requested should be permitted prior to such security clearance.

The affidavits, depositions of disinterested witnesses and other proof submitted by the respondent corporation in support of its defense are detailed and voluminous. They establish beyond peradventure that the petitioner has, over a period of years, had active participation and affiliation with, and given financial and other support to, communist propaganda and persons and organizations disseminating the same. These persons and organizations include (a) a former son-in-law of petitioner Posen, who, by Posen's own admission, "is undoubtedly a communist sympathizer," and has written books attacking American institutions, as compared with those in the Soviet Union; (b) the publishing company for such books, which was influenced, at least in part, by Posen; (c) another son-in-law of Posen, who has been secretary of the Communist party education department, New York district, and various members of his family; (d) the Jefferson School of Social Sciences, at which the latter son-in-law taught and which has been designated as an " adjunct of the Communist Party " by the Attorney General of the United States.

Most of the specific details establishing these facts are not disputed by the petitioner. These facts and circumstances clearly raise a substantial doubt as to whether the petitioner Posen would receive security clearance if applied for, and create a serious question as to the right of the corporation to permit access to its records, as requested.

In the face of this evidence, it is my opinion that the petitioner Posen is not entitled to have access to the books and records of respondent corporation unless and until he receives the necessary security clearance. I will not preclude the petitioner, however, from renewing this application if he is duly granted security clearance by the Federal Government, since its investigative agencies presumably have access to more information on the subject. Counsel for the petitioner has suggested

that my order be held in abeyance pending submission by petitioner of such an application. Sound and regular procedure requires denial of petitioner's motion at this time. No purpose to promote the corporate interest is indicated in the request for the stockholder list and the good faith of petitioner is certainly open to doubt.

Motion denied and proceeding dismissed, without prejudice to its renewal when and if security clearance is granted to the petitioner by the proper Governmental agency, as indicated in this opinion. Settle order.