WILLIAM J. CULLEN, Individually and as a Stockholder of GOVERNOR CLINTON Co., INC., Suing on Behalf of Himself and All Other Stockholders of Said Company, Similarly Situated, Respondent, v. GOVERNOR CLINTON Co., INC., et al., Appellants.

First Department, March 11, 1952.

*Simon H. Rifkind* of counsel (*Samuel J. Silverman, Edward N. Costikyan,* with him on the brief; *Choate, Byrd, Leon & Garretson,* attorneys), for appellants.

*Arnold T. Koch* of counsel (*O'Connor & Farber,* attorneys), for respondent.

*Per Curiam.* The plaintiff, a minority stockholder, has obtained a judgment that a certain management contract between the represented corporation, Governor Clinton Co., Inc., and defendant Carter Hotels Operating Corporation was illegal and void as being in violation of the corporate by-laws of Clinton and the statutes of the State, and that certain salaries voted to corporate officers of Clinton were likewise illegal. The represented corporation operates the Governor Clinton Hotel in New York City.

We find that the judgment vacating the management contract was unwarranted, and that relief was awarded the plaintiff upon an erroneous theory of illegality. On the other hand, we think that there is sufficient proof in the record to warrant a finding that the action of the directors in voting separate salaries for the president and treasurer of the hotel company, who were holding similar offices in the management company, was wasteful of the represented corporation's assets and should be set aside.

The present controversy arose when on November 10, 1949, defendant Cantor purchased the majority of the voting stock of the hotel company. Most of the old officers and directors resigned, and the new board of directors on the same day awarded a management contract to defendant Carter Hotels Operating Company, a hotel management company, owned or controlled by Cantor, and operating a chain of hotels for Cantor. This contract provided that the management company was to receive a commission or management fee of 3% of the gross collections of the hotel. It contained several other provisions quite favorable to Carter. The request of plaintiff, a minority stockholder and director, for delay in awarding the

contract so as to permit further study of the proposal was voted down. Plaintiff then instituted this suit. Thereafter two of the new directors of the hotel company resigned, and two others were substituted. On January 9, 1950, the contract was substantially altered in several respects, but was reaffirmed as amended. The principal alterations were to reduce the percentage payable to Carter from 3 to 2%, and to modify some of the clauses favorable to Carter. At the same time that Carter's commissions were so reduced, salaries of $12,000 and $10,000 per annum were voted to defendants Cantor and Shufro as president and treasurer, respectively, of the hotel company. These officers were also officers and the active heads of the management company.

Whether the hotel could better be operated through the medium of a management company presented a question of business judgment. If the decision had been arrived at as the result of an honest, prudent and careful belief of the directors that it was for the best interest of the hotel company, then that determination would not be subject to interference by the courts, even though an error in judgment may have been committed. But here the circumstances would seem to indicate that at the time the original management contract was adopted, the board of directors were more concerned in hastily serving the interests of Cantor than in carefully considering the interests of the hotel company. At least, they did not act prudently or carefully. This becomes apparent because the directors, after suit was brought and within a month, reduced the commissions by one third and otherwise amended the agreement.

The second or altered contract was, however, adopted by the majority vote of a board, of which a sufficient number were directors who had no legal interest in Cantor or the Carter company, and apparently the action was taken after due consideration of the proposal. The vote taken was not illegal. In fact, it appears to be expressly authorized by the by-laws. If the contract as amended had been adopted with no award of salaries, we would hold that the action was not subject to interference by the court. But the new board voted salaries to Cantor and Shufro that eliminated a large part of the benefit secured to the hotel company from a reduction in the commission. It appears that when the salaries were voted, no consideration was given to the nature of any separate services that might be rendered by these officers to the hotel as distinguished from those rendered by the management company. No request for separate compensation had been made by the officers. The

testimony discloses that what happened was that one director conceived the idea that it would be fair to vote these salaries and moved that they be granted. The others, without discussion, acquiesced. It was known that the 2% commission paid to Carter meant a compensation of over $60,000 a year for management. Considering the purpose and practice in management contracts for hotels, and applying those standards objectively to the present case, the hotel would expect to get for the fee paid under the management contract, the managerial services rendered by Cantor and Shufro. It would seem that the action in voting them salaries at the time it was taken was based on a desire to serve the interests of the individual officers rather than the interests of the hotel company. We think that it was wasteful of corporate funds, and that the resolution awarding such salaries was properly declared void.

By so holding we do not decide whether under other circumstances and in the light of further experience the directors would not be empowered to vote some separate compensation to the president and treasurer of the hotel company for services above and beyond those involved in acting for the management company. We merely hold that the action taken on January 9, 1950, at the time the present salaries were voted involved a violation of fiduciary duty and constituted waste.

The judgment appealed from should be modified accordingly, and as so modified affirmed, without costs.

Settle order containing new findings.

PECK, P. J., CALLAHAN, VAN VOORHIS, SHIENTAG and BERGAN, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed, without costs. Settle order on notice containing new findings.