THE STATE OF DELAWARE, upon the relation of Eugene Farber, Plaintiff, v. SEIBERLING RUBBER COMPANY, a corporation of the State of Delaware, Defendant.

(*March* 1, 1961.)

TERRY, P. J., sitting.

*Ernest S. Wilson, Jr.*, for the plaintiffs.

*John P. Sinclair* (of Berl, Potter and Anderson) for the defendant.

Superior Court for New Castle County, No. 1733, Civil Action, 1960.

TERRY, P. J.:

This is an action in mandamus instituted by Eugene Farber against Seiberling Rubber Company, a Delaware corporation. Farber, as a director of Seiberling, demanded access to the corporate stock ledger. His demand was refused. His petition herein seeking a list of the stockholders or inspection of the stock ledger is in the usual form. Seiberling in its answer has averred in substance that Farber's motive in attempting to obtain the stockholders' list is improper, and, if the prayer of his petition be granted, such an inspection will result in a detriment to the corporation. Farber has moved to strike the answer in its entirety contending that under Rule 12(f) of this Court, *Del. C. Ann.*, that a defense is insufficient and subject to being stricken when it is not a valid defense; or where it is not germane to the issues in the case; or where it is not responsive to the claims to which it is interposed. Citing *Fowler v. Mumford*, 9 *Terry* 282, 102 *A.* 2d 535.

The question presented is whether or not a showing of an improper motive on the part of a director is sufficient in law to deny to him the right to inspect the corporate stock ledger? The question is one of first impression in this jurisdiction. A petition in mandamus to compel a corporation to allow a director to examine certain corporate books was considered in *State ex rel. Dixon v. Missouri-Kansas Pipe Line Co.*, 3 *Terry* 423, 36 *A.* 2d 29, 31. This case arose on a motion to dismiss relator's petition. The motion to dismiss was denied. Since an answer had not been filed, the Court did not consider the exact nature of a director's right to examine books, nor any limitations thereon. The Court did state, however, "the [right] of a stockholder to examine books is often called a qualified right, while the right of a Director is usually termed an absolute one."

In certain jurisdictions Courts have stated that a director has an absolute and unqualified right to inspect corporate books and records as opposed to the qualified right of a stockholder. *Drake v. Newton Amusement Corp.*, 1939, 123 *N. J. L.*

560, 561, 9 *A.* 2d 636; *Mitchell v. Rubber Reclaiming Co., N. J. Ch.* 1892, 24 *A.* 407; *Davis v. Keilsohn Offset Co., 1st Dept.* 1948, 273 *App. Div.* 695, 79 *N. Y. S.* 2d 540; *Wilkins v. M. Ascher Silk Corp., 1st Dept.* 1923, 207 *App. Div.* 168, 201 *N. Y. S.* 739; 237 *N. Y.* 630, 143 *N. E.* 770; *Halperin v. Air King Products Co., Sup.* 1945, 59 *N. Y. S.* 2d 672; *Machen v. Machen & Mayer Electrical Mfg. Co.,* 1912, 237 *Pa.* 212, 85 *A.* 100, 42 *L. R. A., N. S.,* 1079; *State ex rel. Aultman v. Ice,* 75 *W. Va.* 476, 84 *S. E.* 181, *L. R. A.* 1915D, 288; *Ballantine, Corporations* § 165 (*Rev. Ed.* 1946); 5 *Fletcher, Corporations* § 2235 (*Repl. Vol.* 1952); *Annotation,* 15 *A. L. R.* 2d 11, 76 (1951). This rule is followed despite the fact that the director's motive in conducting the examination is for an improper purpose, *i.e.,* to further an interest hostile or inimical to the interest of the corporation. The motive of the director is immaterial, and the only corporate remedy is removal of the director from office in cases of extreme hostility. *Wilkins v. M. Ascher Silk Corp.,* 207 *App. Div.* 168, 201 *N. Y. S.* 739, *affirmed Memorandum* 237 *N. Y.* 574, 143 *N. E.* 748; *Ballantine, Corporation* § 165 (*Rev. Ed.* 1946).

However, in other jurisdictions Courts have interposed qualifications. In these jurisdictions it is said that a director may be denied access to corporate records where his motives in seeking such inspection are improper or hostile to the interest of the corporation, or to annoy or harass the corporation. *Hemingway v. Hemingway,* 1890, 58 *Conn.* 443, 19 *A.* 766; *People ex rel. Bellman v. Standard Match Co.,* 2d *Dept.* 1924, 208 *App. Div.* 4, 202 *N. Y. S.* 840; *Posen v. United Aircraft Products, Inc.,* 1952, 201 *Misc.* 260, 111 *N. Y. S.* 2d 261; *Melup v. Rubber Corp.,* 1943, 181 *Misc.* 826, 43 *N. Y. S.* 2d 444; *State ex rel. Paschall v. Scott,* 1952, 41 *Wash.* 2d 71, 247 *P.* 2d 543; *Strassburger v. Philadelphia Record Co.,* 1939, 335 *Pa.* 485, 6 *A.* 2d 922, 924 (*dictum*); *Ballantine, Corporations* § 165 (*Rev. Ed.* 1946); 5 *Fletcher Corporations* § 2235 (*Repl. Vol.* 1952); 13 *Am. Jr. Corporations* § 1025 (1938); *Annotation,* 15 *A. L. R.* 2d 11, 76 (1951).

 The right of a director to examine corporate records springs from his duty to protect and preserve the corporation. He is a representative of all of the stockholders. Because of his fiduciary relationship to the corporation, he must maintain a high standard of loyalty to the corporation, but when he acts hostile to the corporate interests, when his motives are improper, then it must be said that he no longer is performing his corporate duties. Once he ceases to perform his corporate duties, his right to inspect the books of the corporation should immediately end. It seems entirely inconsistent to say that a director has an absolute right to inspect the records of a corporation so that he may better perform his obligations to protect the corporation, and in the next breath say this right is absolute and remains inviolate even though such examination is conducted for an improper purpose hostile to the interest of the corporation.

Farber in this case urges that there is a distinction between a director's request to examine the stock ledger as opposed to other corporate records, and contends that no American jurisdiction has ever denied a director access to the stock ledger. See *Posen v. United Aircraft Products, Inc.*, 201 *Misc.* 260, 111 *N. Y. S.* 2d 261. This contention seems to me to be a distinction without a difference. The test is what use the director intends to make of the record, no matter in what classification it should fall, and not what type of record he seeks to use. Cannot a stock list as a matter of fact be used just as detrimentally to the interest of the corporation as a list of customers, employees, suppliers, etc.?

 It is my conclusion that a director's right to inspect corporate books, including the stock ledger, may be termed an absolute right only so long as his purpose is not in derogation to the interest of the corporation. However, if it can be established that his motives are improper, or that they are in derogation to the interest of the corporation, then his right to inspect ceases to exist.

Farber's motion to strike the answer in its entirety admits the averment of improper motive on his part, and such, if established, in my opinion would constitute a sufficient defense in law to deny to him the right of inspection or access to the corporate stock ledger.

Farber's motion to strike Seiberling's answer is denied.

An order will be entered upon motion.