In the Matter of the Election of Directors and Officers of COSMOPOLITAN MUTUAL INSURANCE COMPANY. JACK ORLOFF, Appellant; COSMOPOLITAN MUTUAL INSURANCE COMPANY et al., Respondents.

First Department, January 30, 1969.

*Morris Pottish* of counsel (*Irving L. Spanier,* attorney), for appellant.

*Philip Weinberg* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for Superintendent of Insurance, respondent.

*Joseph DiFede* of counsel (*DiFede & Martoccia,* attorneys), for Cosmopolitan Mutual Insurance Company and others, respondents.

*Per Curiam.* The particular facts presented upon the appeal call for a pragmatic resolution invoking the equity powers of the court, else a result sterile in its consequences will ensue.

The corporate respondent is the Cosmopolitan Insurance Company, a mutual company whose policyholders or members stand in lieu of stockholders. Petitioner is engaged in business having nothing to do with respondent or the insurance business. For 20 years he has been a director of the company and is the only director who is not an officer or employee of the company who was elected to and served on its executive committee.

On February 9, 1968, all of the directors received two affidavits from two affiants. The first was executed by the holder of an agency contract with the company and charged that the affiant, to keep his agency, had to remit a sum equal to 1% of the gross premiums on policies accepted by the company. The affidavit states the person collecting this sum, and facts from which it could be concluded that they eventually reached Melvin Worth, the president of the company, or his designee. The second affidavit is from the widow of a recently deceased holder of another agency franchise, and outlines a course of conduct on the part of Worth to acquire the agency for himself or a designee by means of coercive measures. Petitioner discussed the affidavits with Worth and the company's attorney, Morgenbesser, with regard to what Worth would do to clear himself of these charges. No satisfactory answer was vouchsafed. The following week, February 16, 1968, petitioner raised the question at a directors' meeting, pointing out that the Superintendent of Insurance should be notified and that the members should be advised before the annual meeting scheduled for February 26, 1968. The company did not notify the Superintendent of Insurance, nor did it disclose the charges to the members. At the meeting, Worth was re-elected and petitioner was not nominated by the nominating committee appointed by Worth.

On March 12, 1968, petitioner moved in Supreme Court to set aside the election. The company consented to this, acknowledging that some members had not received notice of the meeting. A new election was ordered. Petitioner on this application requested that he be given a list of the names and addresses of the members. This was denied on the ground that as a director petitioner already had the right to this information. On his request, the company did, promptly, supply him with a list. The list was, however, not a list of the members, who numbered about 70,000, but a list of the policy beneficiaries, and contained about 110,000 names. Moreover, the list materially abbreviated certain names and omitted some addresses. Petitioner claims that he found the list unusable and, though he had deposited $14,000 for circularizing the members, he claims to have been

unable to do so by virtue of the defects in the list. The election was held pursuant to the notice. The instant application is to vacate the election.

It should further be noted that the election involved only one third of the board of directors and that another third will be elected somewhat over a month from this date. We believe that no material prejudice can result if the petitioner be given an adequate opportunity to circularize the members in regard to the election to be held in February, 1969, as he should have had in regard to the election of 1968.

That he should have had the opportunity in 1968 seems beyond doubt. In fact, the only substantial issue raised is whether he was given an adequate opportunity. Had the list been usable, there is no question that it was promptly supplied. There is no refutation of the deficiencies of the list supplied other than a statement that it is the same list as used by the company in circularizing its members.

The Superintendent of Insurance was made a party to the action though no relief was sought as against him. The Superintendent concedes that he had notice of the charges in June, 1968. He has not completed his investigation and has not taken final action. In any event, the record shows without dispute that the policyholder members take little part and evince small interest in the management of the company's affairs — even less than a stockholder in a stock company. Virtually none of them attend the annual meeting in person and only a small fraction bother to execute proxies. And the bulk of the latter are policyholders who have other interests, such as employees or agents of the company. Quite naturally, a member regards himself as a policyholder and his interest is so centered. Under these circumstances the only effective policing must come from public authority; and if action is inordinately delayed there is no supervision and no protection for the policyholders.

The outcome of petitioner's application for counsel fees depends on whether and to what extent the company has been benefited by his activity. As such, it must await further developments in the matter.

The order entered May 28, 1968, should be affirmed without costs. The order entered August 12, 1968, should be modified on the law and the facts to direct respondent Cosmopolitan Mutual Insurance Company to supply petitioner with a list of the members of the company together with their addresses, said list to be of members only, provided petitioner serves notice in writing on the company on or before February 6, 1969, of his desire for such a list. List to be supplied on or before February 11, 1969.

And as so modified, affirmed without costs. Settle order on two days' notice.

EAGER, J. P., CAPOZZOLI, McGIVERN and STEUER, JJ., concur.

Order entered May 28, 1968, unanimously affirmed without costs or disbursements. Order entered August 12, 1968, unanimously modified, on the law and the facts, to direct respondent Cosmopolitan Mutual Insurance Company to supply petitioner with a list of the members of the company together with their addresses, said list to be of members only, provided petitioner serves notice in writing on the company on or before February 6, 1969, of his desire for such a list. List to be supplied on or before February 11, 1969. As so modified, the order entered August 12, 1968, is affirmed, without costs or disbursements. Settle order on two days' notice.