**STATE of Tennessee, on Relation of Daniel OLIVER, Benjamin B. Alexander and K. Logan Jackson, Appellants,**

v.

**The SOCIETY FOR THE PRESERVATION OF the BOOK OF COMMON PRAYER, a Tennessee Corporation, Appellee.**

Supreme Court of Tennessee,
Western Section, at Jackson.

June 3, 1985.

Rehearing Denied July 9, 1985.

Charles F. Newman, Charles G. Burr, Holly K. Lillard, Burch, Porter & Johnson, Memphis, for appellants.

C. Barry Ward, Glanker, Brown, Gilliland, Chase, Robinson & Raines, Memphis, for appellee.

## OPINION

COOPER, Chief Justice.

The Society for the Preservation of the Book of Common Prayer, founded in 1971, is a non-profit corporation incorporated under the Laws of Tennessee for the purpose of preserving the 1928 Book of Common Prayer as the standard prayer book of the Episcopal Church. The Society promotes the continued use of the 1928 Book of Common Prayer, as opposed to later revisions, through newsletters, radio and television broadcasts, seminars, conventions, and other similar means. The work of the Society is financed primarily through contributions from members of the Episcopal Church, who are interested in using the 1928 Book of Common Prayer in their worship services.

T.C.A. § 48–1–601 provides, in pertinent part, that:

(a) A corporation not for profit may have one or more classes of members or may have no members. If the corporation not for profit has one or more classes of members, the designation of such class or classes, the manner of election or appointment and the qualifications and rights of the members of each class shall be set forth in the charter or the bylaws. If the corporation has no members, that fact shall be set forth in the charter.

The Charter and By-Laws of the Society are not a part of the record in this case.

The record does show, however, that members of the corporation are those contributors who have been selected to be directors. They are fifteen in number. How the directors were originally selected is not apparent from the record. Since 1982, the member-directors have been appointed by the president of the Society with the concurrence of the existing Board of Directors.

In January, 1984, the plaintiffs, who were then members of the Society and directors, sought to inspect and copy the books and records of the corporation for the announced purpose of communicating with contributors to the Society to apprise them that the fund raising communications from the corporation have contained false and misleading statements, and that many of the programs for which the contributions were to be utilized do not, in fact, exist. The demand to inspect and copy the books and records of the Society was denied by the president of the Society, with the explanation that he would take up the matter with the Board of Directors at the next board meeting. Plaintiffs then filed their action for mandamus seeking to inspect the books and records of the corporation, pursuant to T.C.A. § 48–1–717, which provides, in relevant part, that:

(e) All books and records of a corporation not for profit may be inspected by any member or an agent of any member for any proper purpose at any reasonable time.

The purpose for the requested inspection as set forth in the complaint, was to secure information needed to inform contributors to the corporation "that the fundraising communications utilized by the corporation contain and have contained false and misleading statements, and that many of the programs for which the contributions were to be utilized do not exist."

In its answer the Society raised no issue as to the standing of the plaintiffs, at least not as to Benjamin B. Alexander and K. Logan Jackson, to bring the mandamus action as directors and members of the Society. The Society did charge that the plaintiffs sought to examine and copy the books and records of the society and to communicate with contributors of the corporation "to elevate themselves to offices and positions within the [Society] which they have not been able to obtain or accomplish by action of the Board of Directors," and that this is not a proper purpose upon which to base a request to examine the books and records of the corporation. The Society also charged that the portended action of the plaintiffs in communicating with contributors to the Society "creates a tremendous risk to the [Society] in potentially causing a chilling effect upon the contributors and providing a basis to allow the corporation and its goals to be discredited."

On trying the case on oral testimony, the chancellor found that:

to give the plaintiffs the contributor list and an opportunity to bicker with contributors about the alleged misrepresentations made by the Society would do irreparable harm to the Society, and that the furnishing of the list of contributors would serve no 'proper purpose.'

The chancellor further found that the plaintiffs were engaged in an internal fight for control of the Society, "which would not be in the best interest of the Society or for 'any proper purpose.'"

The chancellor denied plaintiffs access to the records of the corporation and to the list of its contributors, but did require the Society to furnish plaintiffs with a balance sheet showing the assets and liabilities of the Society and to furnish the last available operating statement of income and expenses.

Plaintiffs argue that, as directors, their right to inspect the books and records of the Society is absolute, and that the chancellor erred in denying them this right. They also insist that the chancellor erred in finding that plaintiffs' request was not for a "proper purpose" because it was made with a view toward removing the incumbent management and acquiring control of the Society.

■ A director of a corporation owes a fiduciary duty to the corporation and to its members or shareholders. *Dale v. Thomas H. Temple Co.*, 186 Tenn. 69, 208 S.W.2d 344 (1948); *Hayes v. Schweikart's Upholstering Co.*, 55 Tenn.App. 442, 402 S.W.2d 472 (1965). In order properly to perform his duties and to carry out his trust, a corporate director is entitled to full and complete information as to the corporation's affairs. It follows as a necessary corollary that a director of the corporation must have access to the corporation's books and records. *See 5 Fletcher, Cyclopedia of the Law of Private Corporations*, ch. 18 § 2235, wherein the general rule as to access to books and records of a corporation by a director is stated as follows:

In any event, directors, as trustees for the stockholders, are entitled to full and complete information as to the corporation's affairs. It would seem to be axiomatic that the individual director cannot make his full contribution to the management of the corporate business unless given access to the corporation's books and records. The information therein contained is ordinarily requisite to the exercise of the judgment required of directors in the performance of their fiduciary duty—so much so that the directors' right of inspection has been termed absolute, during their continuance in office at all reasonable times.

■ Generally, all that a director needs to show to entitle him to an inspection of the books and records of the corporation is that he is a director of the company, that he has demanded permission to examine the corporate books and records, and that his demand has been refused. *See State v. Seiberling Rubber Co.*, 53 Del. 295, 168 A.2d 310 (1961); *Pilat v. Broach Systems, Inc.*, 108 N.J.Super 88, 260 A.2d 13 (1969); *Dusel v. Castellani*, 43 A.D.2d 799, 350 N.Y.S.2d 258 (1973); *Orloff v. Cosmopolitan Mut. Ins. Co.*, 31 A.D.2d 263, 296 N.Y.S.2d 801 (1969).

■ Plaintiffs were directors at the time they made their demand to see the Society's books and records; however they have brought to the attention of the court the fact that they are no longer directors of the Society. This fact materially affects the rights of the plaintiffs to inspect the Society's books and records as the right of a director to inspect the books and records of the corporation ceases on his removal as a director, by whatever lawful means, absent a showing that the director has been or may reasonably be charged with some act or failure to act during his incumbency for which he might be held personally responsible. *See Cohen v. Cocoline Products, Inc.*, 309 N.Y. 119, 127 N.E.2d 906 (1955); *5 Fletcher, Cyclopedia of the Law of Private Corporations*, ch. 18, § 2235. There was no such showing in this case and, as former directors, plaintiffs have no right of access to the books and records of the Society.

■ As heretofore noted, the membership of the Society is limited to those contributors who are serving as directors. It follows that when plaintiffs were removed as directors, they ceased being members of the Society and lost whatever right of access to the Society's books afforded members of a non-profit corporation by T.C.A. § 48–1–717(e).

The decree of the chancellor denying plaintiffs access to the books and records of the Society, including its lists of contributors, is affirmed. Costs incident to this appeal are adjudged against the plaintiffs and their surety.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.