OPINION OF THE COURT
Israel Rubin, J.
By way of order to show cause, petitioner seeks a judgment compelling respondent to produce corporate books and records for his inspection.
*837 Petitioner, a long-time employee of respondent, has served on its board of directors since 1960. In the early part of 1988, the relationship between petitioner and respondent became strained and, on April 29, 1988, petitioner was notified of the termination of his employment by Robert J. Fieldsteel, respondent’s president. Petitioner asserts that he became "concerned with what I believe to be Mr. Fieldsteel’s waste and mismanagement of corporate property and the liability that I may sustain as a result of that waste and mismanagement”. He therefore requested various expense journals, including salary disbursement information and payments made to preferred shareowners, board minutes for the last five years, current interim financial statements and information regarding the issuance of shares of respondent’s stock to one Gerald Ritz and one Norman Neufeld.
It is undisputed that all requested items have been furnished to petitioner with the exception of material regarding the salary paid to various employees and payments to preferred shareowners. Respondent’s president alleges that petitioner has been denied access to these records because he will disclose confidential salary information in order to generate discontent among corporate employees. Mr. Fieldsteel adds that "Mr. Baker has in the past created dissention among corporate employees by disseminating incorrect information as to comparative salaries with the result that one employee, so misinformed, threatened to leave the corporation’s employ.” Moreover, Mr. Fieldsteel notes, "During his years as a director, Mr. Baker voted repeatedly to give a committee of the directors the right to fix salaries and bonuses which were not to be disclosed to the other directors.”
Respondent contends that the court should deny access to corporate records where the director may use the information for purposes inimical to the corporation’s interests. Of the cases cited in respondent’s memorandum of law, only Melup v Rubber Corp. (181 Misc 826) is on point. There, under circumstances facially similar to those at bar, the court permitted the corporation to withhold the names of its employees and forbade the director from conversing with employees during his inspection of corporate facilities. However, the Melup case does not appear to be consistent with appellate authority, and the better rule is that a director has an absolute and unqualified right to examine corporate records even where his interests are hostile to those of the corporation (Matter of Brenner v Hart Sys., 114 AD2d 363 [2d Dept 1985]; Matter of Dusel v *838 Castellani, 43 AD2d 799 [4th Dept 1973]; Matter of Wilkins v Ascher Silk Corp., 207 App Div 168 [1st Dept 1923]). While the right to be afforded access to corporate records remains inviolate, the use to which such information may be put is circumscribed by the fiduciary capacity of a director and his duty to act with undivided loyalty to the corporation (Chelrob, Inc. v Barrett, 293 NY 442 [1944]; Schachter v Kulik, 96 AD2d 1038 [2d Dept 1983]). Therefore, misuse of confidential information is actionable by the corporation (Matter of Dusel v Castellani, supra).
Respondent argues that access to salary information should nevertheless be denied to petitioner because salaries were fixed by a committee of directors and "were not to be disclosed to the other directors.” The answering affidavit also makes it plain that petitioner was offered a seat on the board to enhance his appeal as a salesman and "give him more status in the market place” and not for the purpose of performing an active role in the direction of corporate affairs. Mr. Fieldsteel’s affidavit states that during petitioner’s 28 years of membership on the board, he did not "ask a single question at any of the many directors’ meetings during those years.”
It is the general policy of the courts of this State to avoid intermeddling in corporate governance and operation (Matter of Grace v Grace Inst., 19 NY2d 307 [1967]). This case, however, raises the novel question of whether a board of directors can create a committee which operates outside the observation and supervision of certain individual directors and, thus, of the board as a whole. If so, petitioner, who allegedly voted consistently in favor of the confidential salary committee, may properly be denied access to the information sought in this proceeding.
It is a matter of statute that a board of directors may designate a committee to exercise authority normally vested in the entire board (Business Corporation Law § 712) and that such authority need not be limited to ministerial and ordinary duties (see, First Natl. Bank v Commercial Travelers’ Home Assn., 108 App Div 78 [3d Dept 1905], affd 185 NY 575 [1906]) but may extend to matters of corporate policy (Matter of Ostrove v New York State Teachers Retirement Sys. Bd., 32 AD2d 163, affd 27 NY2d 623 [1970]). While the power to set the compensation paid to directors for service on the board is expressly nondelegable (Business Corporation Law § 712 [a] [3]), no such restriction extends to compensation paid to *839 corporate officers and employees. The statute, however, fails to support the sweeping proposition advanced by respondent.
It is an axiom of corporate organization that a corporation is managed by its board of directors (Business Corporation Law § 701). While the powers which are delegable to a committee of directors have been expanded considerably (L 1961, ch 855), there is nothing to suggest that the expansion of its function was intended to exempt the committee from the oversight and supervision of the entire board. For example, Business Corporation Law § 717 (a) provides that a director "shall be entitled to rely on information, opinions, reports or statements * * * prepared or presented by: * * * (3) a committee of the board upon which he does not serve”. It is clear that this provision contemplates that the committee will prepare and present "information, opinions, reports or statements” to apprise the full board of its actions. Moreover, Business Corporation Law § 712 (c) specifies that delegation of authority to a committee "shall not alone constitute performance by any member of the board who is not a member of the committee in question, of his duty to the corporation under section 717 (Duty of directors).” A director may be held accountable for actions taken by less than the full board and "does not exempt himself from liability by failing to do more than passively rubber-stamp the decisions of the active managers” (Barr v Wackman, 36 NY2d 371, 381 [1975]). Moreover, there is ample precedent for holding a director liable for payment of excessive compensation to corporate employees (Jacobson v Brooklyn Lbr. Co., 184 NY 152 [1906]; Cullen v Governor Clinton Co., 279 App Div 483 [1st Dept 1952], resettlement denied 281 App Div 659).
The conclusion is inescapable that a committee cannot withhold from any director information regarding actions for which that director may be held accountable. This court is unable to find that petitioner lacks a legitimate purpose for seeking salary information regarding corporate employees. Nor does appellate authority support the denial of access to corporate records even where the director’s motives are questionable. The approach suggested by the cases is to permit inspection liberally and to rely on the deterrent of an action for misconduct (Business Corporation Law § 720) to discourage the disclosure of confidential information.
Accordingly, respondent shall provide to petitioner records for the last three years which show the total salary paid to each employee and which reflect payments other than salary *840 made to anyone who is a beneficial owner of respondent’s preferred stock, such records to include cash disbursement journals, purchases journals, W-2 forms and general ledgers. Petitioner is ordered to keep all information strictly confidential in accordance with his fiduciary capacity and duty of loyalty to the corporation.