**SYNCHEM Inc., et al. v. AMERICAN HYALSOL CORPORATION.**

Civ. A. No. 1067.

United States District Court
D. Delaware.

March 7, 1949.

Henry A. Wise, Jr. (of Hastings, Stockly, Walz & Wise), of Wilmington, Del., for plaintiffs.

Daniel F. Wolcott (of Southerland, Berl & Potter), of Wilmington, Del., for defendant.

LEAHY, Chief Judge.

The case is here on motion of defendant, American Hyalsol Corporation (hereinafter called "Hyalsol") for summary judgment. The complaint filed by Synchem, Inc. (hereinafter called "Synchem") is for declaratory relief that there is no present liability under a certain license agreement between the parties for the payment of $5,000; other declaratory relief as to plaintiff's status as licensee is also sought. The critical part of the agreement which has our present interest provides: "3. On the execution by Hy-

686

alsol and delivery to Synchem of a signed copy of this contract, Synchem will pay to Hyalsol the sum of Five Thousand ($5,000.00) Dollars as advance royalties." The complaint and later provisions of the license agreement make it plain that the availability of higher alcohols, required in order to use the inventions covered by the patents in the granted license, importantly entered into discussions preceding the execution of the license agreement.

Although the license agreement was executed by Synchem, it did not pay the $5,000 mentioned above to Hyalsol. Synshem justifies this non-payment on the grounds that in the negotiations preceding the execution of the agreement, Hyalsol represented, in effect, that it would not submit an agreement until the higher alcohols required were available [1] and they were not available and that in any event the later [2] provisions of the license agreement make it clear that payment was not intended to be contemporaneous with agreement execution. Synchem therefore seeks a declaration of no liability to pay $5,000 at this time. Hyalsol in seeking a summary judgment on its counterclaim as to the status of plaintiff under the license, seeks an accounting of royalties and asks for a judgment of $5,000, contending that paragraph 3 of the license agreement contains all the written understandings of the parties and since it is clear, the application of the parol evidence rule compels judgment in its favor.

The motion for summary judgment must be denied. A dispute as to a material fact precludes summary judgment. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018. In the case of Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581, the Court of Appeals recently ruled:

"It is well-settled that on motions to dismiss and for summary judgment, affidavits filed in their support may be considered for the purpose of *ascertaining whether an issue of fact is presented, but they cannot be used as a basis for deciding the fact issue."* (Emphasis original.)

The dispute is whether certain statements relative to the availability of the required higher alcohols were made and, if so, what is the proper construction to be placed on them. The statements, if made, are material in at least one respect, i. e., as to the obligation to pay presently $5,000, for one who has paid money to another because of a mistake of fact and who does not obtain what he expected in return, is entitled to restitution from the other if the mistake was induced by a material though innocent misrepresentation. Restatement of Restitution, § 28. If Synchem's contentions were to prevail—that misrepresentations were made and they have the meaning which Synchem claims—it would then be entitled to restitution as a matter of law or, under the special facts alleged and the particular relief sought, a declaration it was not required to pay the $5,000 in question at this time. Moreover, under the allegations of the complaint, Synchem offers to prove a failure of consideration. Both questions require further elaboration of fact.

Summary judgment is, therefore, denied. But I am not passing upon the merits of the motion relative to the proper construction of the license agreement until after all the evidence is in.

---

[1] This appears from an allegation in the complaint and an affidavit. Cf. Hart v. Recordgraph Corp., 3 Cir., 169 F.2d 580, which holds that if a well pleaded allegation is controverted by an affidavit, the right to summary judgment is thereby defeated.

[2] On the view which I take of the case, it is unnecessary to consider this second argument of Synchem or the later provisions of the license agreement.