**PARAMOUNT TEXTILE MACHINERY CO.
v. BURLINGTON MILLS COR-
PORATION.**

Civ. No. 1214.

United States District Court
D. Delaware.

March 17, 1950.

E. Ennalls Berl (of Southerland, Berl &
Potter), of Wilmington, Del., Glen E.
Smith, Harold Olsen, and Paul C. Miller, of
Chicago, Ill., for plaintiff.

Arthur G. Connolly, of Wilmington, Del.,
William M. Cushman, John W. Malley and
Carroll F. Palmer (of Cushman, Darby &
Cushman), of Washington, D. C., for de-
fendant.

RODNEY, District Judge.

Plaintiff, an Illinois corporation, has
brought this suit against defendant, a Dela-
ware corporation, charging defendant with
infringement of two patents relating to in-
ventions in methods and processes for treat-
ing and finishing articles, particularly hos-
iery, made of nylon. The case is now be-
fore the court upon a motion of plaintiff
to strike certain portions of defendant's
answer under Rule 12(f), Federal Rules
of Civil Procedure, 28 U.S.C.A.

The complaint alleges that this action
arises under statutes of the United States
for infringement of certain patents owned
by the plaintiff; that among plaintiff's
original licensees was May-McEwen-Kai-
ser Co., Inc., of Burlington, North Caro-

lina, which became licensed under the patents by a written license and rental agreement, dated August 8, 1947, pursuant to which apparatus or equipment for use in practicing the inventions was furnished by plaintiff to the licensee and was installed and thereafter used by it in its plant and rentals for the use thereof were paid to plaintiff in accordance with the agreement. The complaint then avers that "on information and belief, defendant on or about June 30, 1948, acquired all the stock, properties, assets and good will, and assumed all the liabilities, of said May-McEwen-Kaiser Co., Inc., which was then dissolved, and defendant thereby became a licensee of plaintiff under said Letters Patent to use said apparatus or equipment in the practice of said inventions in said plant at Burlington, North Carolina. Nevertheless, on information and belief, defendant has, since June 30, 1948, in said plant at Burlington, North Carolina, and elsewhere in the United States, practiced the methods of said Letters Patent outside the scope of its said license and infringement of said Letters Patent and threatens to continue to do so." A prior paragraph of the complaint alleges in general terms, without making reference to the license agreement, that the defendant is infringing the patents by employing the methods and processes of the patents in the treatment of fabric articles in one or more of its manufacturing plants.

It is not necessary to state in detail the contents of defendant's answer. In broad terms, it tacitly admits that it acquired all the assets and assumed the liabilities of May-McEwen-Kaiser Co., Inc., and it denies infringement of plaintiff's patents; it charges plaintiff with inducing May-Mc-Ewen-Kaiser Co., Inc., to enter into the license agreement and inducing defendant to continue the agreement by false representations, and charges it with improper use of the agreement and patents; and it asserts that the patents in suit are invalid.

Plaintiff's motion to strike is directed to paragraph VI(b) of the answer, which alleges misrepresentation, and to paragraphs VII, VIII, IX, XI, XII and XIII of the answer, which deny the validity of the patents.

### Motion to Strike Paragraph VI(b) of the Answer.

Paragraph VI(b) of the answer is as follows:

"Further answering paragraph 6 of the complaint, defendant alleges that plaintiff induced the said May-McEwen-Kaiser Co. to enter the said rental and license agreement and induced defendant to continue the said agreement by representing that the said equipment was unique and essential to the successful commercial processing of nylon hosiery, and that said equipment was covered by the patents in suit; that plaintiff knew the said equipment was not essential to the successful commercial processing of nylon hosiery and that it was not covered by the patents in suit, but that plaintiff improperly used the said agreement and the patents in suit to obtain from said May-McEwen-Kaiser Co. and subsequently from defendant payments for the said equipment far exceeding the value thereof; that plaintiff used the patents in suit to establish an unlawful monopoly in the said equipment, and that defendant cancelled and repudiated the said agreement upon recognizing the circumstances as aforesaid."

Plaintiff moves to strike this paragraph of the answer on the ground that the circumstances averred are not stated with the particularity required by Rule 9(b),[1] and that the essential elements of fraud are not properly alleged.

It is not entirely clear from the answer or defendant's oral and written arguments on this motion, whether it is its intention or purpose to rely in any way on fraud or deceit in itself as a ground of relief and as a substantive defense to any of the issues raised by the plaintiff. It would appear that the allegation of misrepresentation may have been made rather as an element of

---

1. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

the alleged improper use of the patents and inequitable conduct of the plaintiff, although the wording of the quoted paragraph of the answer does suggest that the defendant has repudiated or is now repudiating the license agreement because of the alleged misrepresentations.

Under the circumstances, I am of the opinion that Rule 9(b) is applicable to these allegations of fraud or misrepresentation. The quoted subparagraph of the answer does not fairly comply with the requirements of the Rule, and the motion to strike must therefore be granted. Defendant will, however, be given leave, upon proper application, to amend its answer so that it may have an opportunity to make its allegations of misrepresentation with the particularity required by Rule 9(b). It is neither necessary nor proper for the court now to pass on the question of what elements of fraud must be alleged or the manner of stating the necessary elements.

Motion to Strike Paragraphs VII, VIII, IX, XI, XII and XIII of the Answer.

The motion to strike these paragraphs is grounded on the contention that defendant is estopped to deny the validity of the patents in suit. These paragraphs allege that the patents are invalid upon various grounds. Plaintiff argues that defendant is estopped to deny the validity of the patents because it is a licensee and more especially because its predecessor, May-McEwen-Kaiser Co., Inc., expressly covenanted in its lease and license agreement with the plaintiff not to bring in question the validity of the patents.

Plaintiff has annexed to its motion to strike a copy of the license agreement. Defendant contends that the court cannot consider the terms of the agreement because the copy of it annexed to the motion is not complete, although its authenticity is not otherwise questioned. In the view which I take of the motion to strike these paragraphs, it is not necessary to decide to what extent the annexed copy of the agreement should be considered by the court. There seems to be no serious question that the agreement does contain an express covenant not to contest the validity of the patents. The first question to be determined, however, on this motion is whether at this point in the proceedings it would be proper to strike those portions of the answer which raise the substantial defense of invalidity of the patents, and thereby eliminate that issue from the case.

Rule 12(f) provides that the court, upon motion made by a party, may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. In Tivoli Realty, Inc., v. Paramount Pictures, Inc., D.C., 80 F.Supp. 800, 803, this court stated that "motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party. [Citing cases.] Nor have the courts been willing to determine disputed and substantial questions of law or the legal consequences of pleading upon a motion to strike. [Citing authorities.]"

It appears that in the present case one of defendant's contentions or defenses is that the license agreement is and was void *ab initio,* because it violates public policy. It appears also that in paragraph VI(b) of its answer the defendant takes the position that the agreement was void *ab initio* as having been obtained by the misrepresentations which are alleged to have induced the licensees to enter into it and to continue operations under it. It is true that this subparagraph in its present form will be ordered stricken for the reasons stated above, but it seems not unreasonable to assume, in view of the statement made by defendant's counsel at the oral argument, that this issue of fraud or misrepresentation will continue to be relied upon. If that is so, it would be inappropriate to decide the question of estoppel until the issue of the validity or legal existence of the contract itself has been determined. It may be that the defendant will be unable either as a matter of fact or as a matter of law to establish the charge of misrepresentation or violation of public policy. Likewise, it is not at present entirely clear what effect misrepresentation or fraud or violation of public policy, if proved, may have

upon the license agreement. These questions can only be determined after full hearing.

I conclude, therefore, that plaintiff's motion to strike these paragraphs of the answer must be denied, not for the reason that the court has determined that defendant is not estopped to deny the validity of the patents, but for the reason that the motion presents a substantial question, the determination of which may be dependent on other issues which it is not possible for the court to resolve in the present state of the case. To grant the motion might be prejudicial to the defendant; it would not seem that the present denial of the motion could prejudice the plaintiff since the defense or objection of estoppel will remain available to it. In view of these conclusions, it is not necessary for the court to discuss the question of the effect, if any, of the defendant's purported termination of the license agreement, with respect to which copies of certain letters passing between the parties are annexed to the motion to strike.

An order in accordance with this opinion may be submitted.