JANE TILGHMAN RAMSAY STABLER, MARY MORRIS RAMSAY
PHELPS, and CAROLINE RAMSAY CHANDLER,
Appellants.

*vs.*

JOSEPH GALES RAMSAY, ALEXANDRA MORRIS RAMSAY, WILLIAM E.
PHELPS, WALTER BLACKSON, Surviving Trustee Under the
Will of WILLIAM GOUVERNEUR RAMSAY, Deceased, WILMING-
TON TRUST COMPANY, Surviving Trustee Under the Agreement
dated February 19, 1926, of CAROLINE R. CHANDLER, WILMING-
TON TRUST COMPANY, Surviving Trustee Under the Agreement
dated August 16, 1926, of MARY MORRIS RAMSAY PHELPS,
WILMINGTON TRUST COMPANY, Surviving Trustee Under the
Agreement dated March 29, 1926, of JANE TILGHMAN RAMSAY
STABLER, CORNELIA STABLER CANBY, WILHELMINA G.
STABLER, JANE T. STABLER, WINDER LAIRD STABLER, JR.,
CAROLINE R. STABLER, CAROLINE CHANDLER DAVIS, ALFRED
D. CHANDLER, JR., WILLIAM RAMSAY CHANDLER, MARY MER-
RILL CHANDLER PARRISH and SOPHIE CHANDLER,
Appellees.

WALTER BLACKSON, Surviving Trustee, et al.,
Appellants,

*vs.*

JOSEPH GALES RAMSAY, et al.,
Appellees.

*Supreme Court, On Appeal, June 5, 1952.*

TUNNELL, Justice, SEITZ, Chancellor, and CAREY, Judge, sitting.

*William S. Potter* and *James L. Latchum*, of Berl, Potter & Anderson, for Jane Ramsay Stabler, Mary Ramsay Phelps and Caroline Ramsay Chandler, plaintiff-appellants, respondents to petition for re-argument.

*Aaron Finger* and *Alexis I. duPont Bayard*, of Richards, Layton & Finger, for Walter Blackson, surviving trustee under will of William G. Ramsay, deceased, and Wilmington Trust Co., surviving trustee for Caroline R. Chandler et al., defendant-appellants, respondents to petition for re-argument.

*William H. Foulk* and *Herbert L. Cobin*, for Joseph Gales Ramsay and Albert L. Massey, guardian *ad litem* for Alexandra Morris Ramsay, appellees, petitioners for re-argument.

TUNNELL, Justice, delivering the opinion of the court:

The appellees' petition alleges that in construing the 1946 contract the court ignored "the basic and fundamental factual situation in this case, which is undisputed; namely, that each of the sisters had transferred her vested interest in her one-fifth of the estate by her 1926" assignment and, consequently, that "it was impossible to have a 'trenching' upon the original one-fifth share of each of the three sisters for each had transferred that to the trustees twenty years before."

The petition was disposed of on the briefs submitted in behalf of all parties, but without oral argument.

■ The appellees' basic assumption is incorrect. It is not the law that because plaintiffs in 1946 did not own the entire interest in certain property (a portion having been previously transferred to trustees), therefore, their clear undertaking in certain circumstances to furnish a part of it to Alexandra should be modified by "construction": Persons may, and frequently do, agree to dispose of what they do not own. In *Deputy v. Hastings*, 2 *W.W.Harr.* 345, 123 A. 33, 35, which was discussed at some length in our opinion, the argument here advanced by appellees would have been a sufficient defense if it had been sound law. There, however, the court charged the jury that unless there was an oral agreement of conditional delivery *dehors* the written contract, the three tenants in common had bound themselves contractually to sell an entire interest in the lumber to be sawed from certain standing timber, even though another non-contracting party owned a fractional interest in the timber. Specifically, Judge Rodney said:

"The general principle of law is that a man may contract for the sale of any article not at the time owned by him and may become liable in damages for the nonperformance of the contract."

We indicated in our opinion that we agree with *Deputy v. Hastings*.

■ But even if the law on the point were as appellees would have it, their position would not be improved. We had no difficulty in determining the intent of this contract; Alexandra was to be put in precisely the same position she would occupy if she had been Joseph's own daughter. We ran into difficulty in finding a way to carry out that intent. It was in demonstrating the impossibility of enforcing the agreement as written that we made the statement that it could not be done without encroaching upon the primary shares of the plaintiffs. Now appellees by their petition insist that the primary shares cannot be touched, and, under the clear import of the recitals in the 1946 contract, that plaintiffs cannot be required to respond from other funds. If appellees are, for the purpose of this argument, conceded to be correct, then we are left with the unqualified proposition that the instant contract cannot be enforced. But that is precisely the same conclusion we reached in our opinion, although we came to it less directly. Performance was frustrated by Elizabeth's refusal to sign.

We have noted the comments of appellees' counsel that our interpretation of this contract is "unsympathetic" and not appropriate "for the protection of a minor adopted daughter". Sympathy, however admirable it may be, cannot be substituted for our duty to read the agreement as it was written.

The mandate will in due course issue as originally directed.