LEIGHTON C. FOWLER, CALEB I. FOWLER, WILLIAM ROBERT WILLIAMS and JAMES M. FAULKNER, Plaintiffs, v. ALLISON H. MUMFORD, Defendant.

*(January 22, 1954.)*

HERRMANN, J., sitting.

*Daniel J. Layton* for the plaintiffs.

*Everett F. Warrington* and *Robert W. Tunnell* (of Tunnell and Tunnell) for the defendant.

Superior Court for Sussex County, No. 300, Civil Action, 1952.

HERRMANN, J.:

This is an action for breach of a written contract under the provisions of which, according to the averments of the complaint, the defendant entered into an unqualified agreement to sell and convey certain parcels of land to the plaintiffs. Pursuant to Civil Rule 12(f),[1] the plaintiffs move to strike defenses identified in the answer as First, Fourth, Fifth, Sixth, Seventh and Eighth, on the ground that those defenses are insufficient.

The First Defense asserts that the complaint fails to state a claim upon which relief can be granted. This is always a sufficient defense. See Appendix to Civil Rules, Form 20; Civil Rules 12(b) and 12(h). If it is pressed by the defendant at or before trial, or if the plaintiffs bring it on for decision, this defense may be found to be without basis. It may not, however, be stricken as an insufficient defense nor should its validity be determined upon a motion to strike.

By his Fourth, Fifth, Sixth and Eighth Defenses, the defendant asserts, *inter alia*, that the contract was made without consideration and that the 'written contract is not the whole agreement between the parties; that, at the time of the execution of the contract, the plaintiffs knew that the defendant did not own the land and that the execution and performance of the contract were conditioned upon acquisition of title by the defendant alone; that title to the land has vested in the defendant and his wife and it has never vested in the defendant alone and that, therefore, the condition to the execution and performance of the contract has not occurred; that as an inducement to the defendant, the plaintiffs agreed to assist the defendant in ac-

---

[1]Civil Rule 12(f), *Del. C. Ann.*, provides as follows:

"Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

quiring title and that the plaintiffs violated this agreement; that the sole consideration to flow to the defendant for the execution of the contract was the plaintiffs' promise to refrain from competing with the defendant for the purchase of the lands; that the plaintiffs violated this agreement and that there was a resultant failure of consideration.

The plaintiffs rely upon two principal grounds in support of their motion to strike these defenses.

First, the plaintiffs contend that the parol evidence rule would bar the proof of practically all of the facts thus alleged and that, therefore, these defenses should be stricken as being insufficient. This is not the office of a motion to strike an insufficient defense under Civil Rule 12(f). A defense is insufficient and subject to being stricken under this Rule where it is not a valid defense or where it is not germane to the issues in the case or where it is not responsive to the claim to which it is interposed. See 5 *Cyc. of Fed. Proc.* (3d Ed.) § 15.376. But the rules of evidence are not to be applied at this stage of the case. If a defense is sufficient as stated, it will withstand a motion to strike because the facts alleged will be assumed to be admitted for the purpose of the motion. 1 *Barron and Holtzoff, Fed. Pract. & Proc.*, § 369. The plaintiffs do not contend that certain of the facts alleged would not constitute a defense if proved by admissible evidence. They say merely that the defendant will not be able to prove those facts because rules of evidence will prohibit such proof. That question must await the rulings of the trial judge. It is agreed by the authorities that a motion to strike an answer under Civil Rule 12(f) will be denied if the answer presents a bona fide issue of fact which should be heard on the merits. See 2 *Moore's Fed. Pract.* (2d Ed.) p. 2320; 5 *Cyc. of Fed. Proc.* (3d Ed.) § 15.377; 1 *Barron and Holtzoff, Fed. Pract. & Proc.* § 369.

Secondly, the plaintiffs contend that, in this action for breach of a contract to sell lands, it is no defense to say that the defendant did not own the property at the time of the exe-

cution of the contract or that title vested in the defendant and his wife rather than in the defendant alone. They cite *Stabler v. Ramsay*, *Del.* 89 *A.* 2d 544 and they argue that the allegations of title in another are not sufficient defenses and should be stricken. I am of the opinion that the question thus presented should not be decided at this stage of the case because the defendant seems to be asserting that performance of the contract has been expressly conditioned upon acquisition of title by the defendant alone. Thus, the application of the parol evidence rule may be again involved and an issue of fact may again arise. I think, therefore, that the determination of this question must also await the rulings of the trial judge. Compare *Synchem, Inc. v. American Hyalso Corp.*, *D. C. Del.* 1949, 82 *F. Supp.* 685.

There remains for disposition the plaintiffs' motion to strike the Seventh Defense by which the defendant asserts:

"That at the time of the making of the contract set forth in the plaintiffs' complaint herein plaintiffs threatened to run the purchase price of the certain premises referred to in the complaint herein up to such a figure as to make it financially impossible for defendant to purchase same; that solely in consequence of such threat and in fear and apprehension thereof, the defendant did execute the said written agreement."

By this defense, the defendant seeks to assert a species of duress frequently referred to as the modern doctrine of "business compulsion". See 17 *Am. Jur.* "Duress and Undue Influence", § 7; *Ramp Building Corp. v. Northwest Building Co.*, 164 *Wash.* 603, 4 *P.* 2d 507, 79 *A. L. R.* 655 *et seq.* Common-law duress was limited to loss of life, limb or liberty or threat thereof. In many jurisdictions, however, the concept of duress has been recently and gradually enlarged by courts of law to include any case wherein a party to a contract has been deprived of the free exercise of his will and judgment by any wrongful threat or act of the other party. It is said that this expansion of the scope of duress in courts of law has taken place "under the influence of increasing liberality of legal thought aided by the

example offered by courts of equity in its treatment of undue influence", but that, in some jurisdictions, "the tendency to preserve hard and fast lines persists in actions at law." 5 *Williston on Contracts* (Rev. Ed.) § 1603; *Restatement of Contracts*, §§ 492, 493. I find no case announcing the law in Delaware on the subject.

The motion to strike the Seventh Defense thus presents two substantial questions: (1) whether the modern concept of the defense of duress in actions at law, including the doctrine of business compulsion, is to be adopted in this State; and (2) if so, whether the allegations of the Seventh Defense are sufficient to raise the defense of duress in this case.

As to both questions, my conclusion is that the Seventh Defense is not so clearly insufficient as to justify striking it under Civil Rule 12(f). As has been observed, the law in this State on the subject is not settled. Motions to strike are not favored for the determination of disputed and substantial questions of law. Such motions should be limited in scope and operation and may be denied where there is no showing of prejudice to the moving party if the attacked allegations are left in the pleadings. Ordinarily, in passing upon motions to strike, courts decline to determine disputed and substantial questions of law or the legal consequences of pleading. See *Paramount Textile Machinery Co. v. Burlington Mills Corp., D. C. Del.* 1950, 90 *F. Supp.* 66; *Maschmeijer v. Ingram, D. C. S. D. N. Y.* 1951, 97 *F. Supp.* 639. If an answer fairly presents, as a bona fide defense, a substantial question of law which should be heard and determined on the merits, the defense is not "insufficient" under Civil Rule 12(f) and should not be stricken. See 2 *Moore's Fed. Pract.* (2d Ed.) p. 2320; 1 *Barron and Holtzoff, Fed. Pract. and Proc.*, p. 755; 5 *Cyc. of Fed. Proc.* (3d Ed.) p. 381.

In the absence of any showing of prejudice to the plaintiffs, it is held that the important and substantial issue of law, as to the scope of the defense of duress, should not be decided upon the pleadings but should be heard and determined

on the merits. The question should await a later stage when it may be determined in the light of all of the facts and circumstances of the case.

The plaintiffs assume that the doctrine of business necessity or compulsion is available to the defendant. They contend, however, that the allegations of the Seventh Defense are insufficient for the invocation of this doctrine because the plaintiffs had a legal right to "run the price" up and, therefore, assuming the truth of the allegations, there was no wrongful threat or threat of wrongful act such as must be the premise for duress. It is true that under the modern view, acts or threats cannot constitute duress unless they are wrongful; but an act may be wrongful though lawful. Acts that are wrongful in a moral sense, though not criminal or tortious or in violation of contractual duty, may also constitute duress under the doctrine sought to be invoked by the defendant. See *Restatement of Contracts,* § 492g.

A defense is not insufficient under Civil Rule 12(f) if it may raise a relevant issue which would constitute a valid defense under any reasonably conceivable set of circumstances susceptible of proof. Compare *Klein v. Sunbeam Corp.,* 8 *Terry* 526, 94 *A.* 2d 385, 391. Hence, it may not be held that the Seventh Defense should be stricken because there is no averment of any unlawful act or threat. Whether the alleged threat was wrongful, though lawful, would depend upon all of the circumstances of the case. While Civil Rule 8(c) requires the defendant to plead duress affirmatively, he is not required to plead it with particularity such as is required by Civil Rule 9(b) for the pleading of fraud and negligence. I am of the opinion that, under our notice pleading, the Seventh Defense is a defense sufficient to withstand a motion to strike under Civil Rule 12(f).

The motion to strike will be denied.