**JOSEPH BANCROFT & SONS COMPANY, Plaintiff,**

v.

**M. LOWENSTEIN & SONS, INC., Defendant.**

**Civ. A. No. 3581.**

United States District Court
D. Delaware.

April 16, 1969.

See also, D.C., 303 F.Supp. 315.

————◆————

James M. Tunnell, Jr., Walter L. Pepperman, II, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff; Thomas M. Marshall, Kenneth E. Madsen, William J. Ungvorsky, Arthur D. Gray, Kenyon & Kenyon, New York City, of counsel.

C. Walter Mortenson, Mortenson & Weigel, Wilmington, Del., for defendant; Robert B. Frailey, Stuart S. Bowie, Paul & Paul, Philadelphia, Pa., and Bernard Rapoport, Howard Schwartzberg, New York City, of counsel.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

This is an action for royalties due under patent license argeements between plaintiff, Joseph Bancroft & Sons Company, and defendant, M. Lowenstein & Sons, Inc. Suit was brought on February 27, 1968 in the Delaware Court of Chancery; the case was removed to this Court on July 19, 1968. Jurisdiction is based on 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1441 (removal of actions).

On January 2, 1969, this Court granted plaintiff's motion to strike from defendant's answer paragraph 20 raising the invalidity of one of two patents claimed to be licensed as a defense to the action. At the same time, the Court on its own motion struck paragraph 17 raising the defense of fraud in the patent office as to the same patent[1] and paragraph 21 raising the defense of invalidity as to the second of the two patents. Defendant moved for reargument, the motion was granted and came on for

---

1. No persuasive authority is cited to the Court for treating the defense of fraud in the patent office any differently from that of invalidity under the circumstances of this case. See Borkland v. L. A. Goodman Mfg. Co., 95 U.S.P.Q. 387, 388 (Ill. App.Ct., 1952).

hearing March 14, 1969. After due consideration, the Court affirms its prior ruling for the reasons set forth in this opinion.

The law is clear and no party disputes that the invalidity of a patent may be raised as a defense in a patent infringement suit. 35 U.S.C. § 282. The issue of validity may also be raised by counterclaim in an infringement suit. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165 (1942); see also Altvater v. Freeman, 319 U.S. 359, 363, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943). The instant case, however, is not an infringement suit but instead solely a contract action based on a patent license.[2] Accordingly, the issue in this case is whether defendant may defend against a suit for royalties due on a patent license on the ground that the patents claimed to be licensed are invalid.

The law is amply clear that defendant can not. There is no dispute in this case that defendant has used plaintiff's patents and has paid royalties under the license now before this Court. Under these circumstances, the doctrine of licensee estoppel, as set forth in United States v. Harvey Steel Co., 196 U.S. 310, 25 S.Ct. 240, 49 L.Ed. 492 (1905)[3] and as reaffirmed in Automatic Radio Mfg. Co. v. Hazeltine Research, 339 U.S. 827, 836, 70 S.Ct. 894, 94 L.Ed. 1312 (1950), most definitely bars the defense of invalidity in this case.

Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943) is not, as defendant suggests, authority to the contrary. The question before the Supreme Court there was whether the issue of patent validity could be raised by counterclaim in an infringement action when the trial court had rendered moot the defense of invalidity raised in the answer by ruling that there had been no infringement of the patents. While the Altvater suit had originally included a claim on a license, the original bill also included a claim of infringement and the lower court made findings on both the license and infringement issues. See Freeman v. Altvater, 129 F.2d 494 (8th Cir. 1942). The Supreme Court merely accepted the lower court's conclusion that the license was void, 319 U.S. at 364, 63 S.Ct. 1115,[4] and went on to consider the case solely as an infringement action. The instant case is not an infringement action and the holding of Altvater is simply not relevant.

Defendant's reliance on Paramount Textile Mach. Co. v. Burlington Mills, 90 F.Supp. 66 (D.Del.1950) is also misplaced. The initial words of the Paramount opinion are:

"Plaintiff * * * has brought this suit against defendant * * * charging defendant with infringement of two patents * * *. The complaint alleges that this action arises under statutes of the United States for infringement of certain patents owned

---

2. Defendant, in its brief on reargument, attempts to convert this ordinary contract action for royalties due on a patent license into a suit for patent infringement:
"* * * in paragraph 13 of the Answer, Defendant has pleaded that neither it nor Rock Hill has ever been licensed under the PVA or R–1 patents. Thus, Defendant takes the position that the Complaint constitutes a charge for infringement of the patents, as to which the defense of invalidity is guaranteed by statute." Brief, p. 4.

Defendant's position seems to ignore the fact that, should defendant succeed in proving the alleged absence of a license, the case is at an end. Thus, there is no infringement issue before the Court.

3. The Supreme Court, in Harvey, stated the doctrine as follows:
"* * * a licensee, when sued for royalties, is estopped to deny the validity of the patent which he has been using * * *." 196 U.S. at 317, 25 S.Ct. at 242.

4. The Supreme Court did expressly note the contention that the licensee estoppel doctrine of Harvey bars a licensee from raising a defense or counterclaim in an infringement action but the Court expressly declined to rule on it in view of the lower courts' decision that defendant was not a licensee. 319 U.S. at 364, 63 S.Ct. 1115. That estoppel issue is entirely different from the one raised here where there is no claim of infringement.

by the plaintiff * * *." 90 F.Supp. at 66.

It is true that one issue in the case was whether defendant was a licensee under those patents and thus estopped from denying validity. It is also true that the court in Paramount refused to strike the defense of validity from defendant's answer. However, because the action was basically an infringement action, the considerations motivating the court's refusal to strike were necessarily quite unlike the considerations relevant here, for disposition at trial of the license issue in Paramount was not tantamount to disposition of the entire case. In other words, proof of the nonexistence of a license in Paramount would simply turn that action into a pure infringement suit (as to which invalidity is a defense) while such proof in the instant case would terminate the case and leave no basis upon which to assert the defense of invalidity. Accordingly, Paramount is not apposite.

The Court has considered the other authorities relied upon by defendants and finds them unpersuasive. The prior decision of the Court striking paragraphs 17, 20, 21 from the answer is affirmed.

Submit order in accordance herewith.

See also, D.C., 303 F.Supp. 313.