# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, Solely as Securities Intermediary | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | C.A. No. N18C-08-074 |
| | ) | PRW CCLD |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, Solely as Securities Intermediary | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUN LIFE ASSURANCE COMPANY OF CANADA | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

Submitted: March 27, 2020
Decided: April 9, 2020

## MEMORANDUM OPINION AND ORDER ON REARGUMENT

*Upon Plaintiff/Counterclaim-Defendant's Motion for Reargument*,
**DENIED**.

Simon E. Fraser, Esquire and Thomas Francella, Esquire, Cozen O'Connor, Wilmington, Delaware, Attorneys for Plaintiff and Counterclaim-Defendant.

Steven L. Caponi, Esquire and Matthew B. Goeller, Esquire, K&L Gates LLP, Wilmington, Delaware, Attorneys for Defendant and Counterclaim-Plaintiff.

**WALLACE, J.**

This case concerns Sun Life Assurance Company of Canada's allegation that a certain life insurance policy ("the Policy") upon which Wilmington Savings Fund Society, FSB ("WSFS") has demanded payment is void *ab initio* as a wager on the life of another.

Cozen O'Connor ("Cozen") represents Sun Life.

Cozen is also WSFS's longstanding outside counsel and currently manages an ongoing matter for WSFS involving life insurance trusts. WSFS immediately brought this to Cozen's attention, and the parties resolved and waived that specific conflict by agreement. But thereafter, WSFS learned that Cozen had previously advised and represented Ocean Gate Life Settlement Program LP ("Ocean Gate"). Ocean Gate obtained the Policy by purchase assignment from the original insured and beneficiary.

Based on the conflict posed by this prior representation, WSFS filed a Motion to Disqualify Cozen. The Court disqualified Cozen on December 19, 2019.[1]

## I. THE DECEMBER MEMORANDUM OPINION AND ORDER

In granting WSFS's Motion, the Court made clear its bases for disqualification. Cozen admitted its prior representation of Ocean Gate, which necessarily involved investigating the business practices Ocean Gate used in

---

[1] *Sun Life Assurance Co. of Canada v. Wilmington Savings Fund Society,* 2019 WL 6998156 (Del. Super. Ct. Dec. 19, 2019).

obtaining life insurance policies similar to the Policy.[2]  Cozen's current client Sun Life takes a position materially adverse to Ocean Gate[3] that the Court found was not and could not be waived by WSFS. [4]

The Court rejected WSFS's argument that Cozen has an unfair advantage due to confidential disclosures from Ocean Gate made in the context of an attorney-client relationship.  Cozen promptly instituted an Ethics Screen as soon as the prior conflict was brought to its attention, and the Court credits that it has vigilantly adhered to the screen.[5]

Rather, the Court found that WSFS could potentially have need to seek or introduce Cozen-generated material fact evidence as to Ocean Gate's business practices related to its obtaining and dealing in the type of life insurance policy transaction at issue here; that evidence, the Court found, could be relevant to whether the Policy is void or was validly obtained by Ocean Gate.[6]  In such a circumstance,

---

[2]  *Id*. at *4.

[3]  *Id*.

[4]  *Id*. at *4-5.

[5]  *Id*. at *5.

[6]  *Id*. at *6.

introduction of Cozen attorney work product or even testimony may be properly sought by one party, while Cozen represents the adverse party.[7]

This alignment, if realized, would present the "specter of switching sides," which is one of the key evils Rule 1.9 is intended to prevent.[8]  If it reached the jury, the Court cannot predict what inferences the jurors might draw.  Either party might potentially be prejudiced.[9]  Irrespective of which party would be disadvantaged, and even if a jury could be entirely shielded from the knowledge that Sun Life was being represented by the selfsame firm that represented Ocean Gate, such proceedings to the Court (not to mention any right-minded observer) are infected with the "appearance of duplicity" against which the Rules guard.[10]

Justice must be conducted in a manner that hints at not even an appearance of impropriety.[11]

---

[7]     *Id*. at *6-7.

[8]     *Id.*

[9]     *Id*. at *6.

[10]    *Id*. at *6-7.

[11]    *Id*. at *7.  *See also Kabi Pharmacia AB v. Alcon Surgical Inc.*, 803 F.Supp. 957, 960 (D. Del. 1992) ("'The maintenance of the integrity of the legal profession and its high standing in the community are important . . . factors to be considered in determining [whether disqualification is called for.] . . . The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration that we have held that a court may disqualify an attorney for failing to avoid even the appearance of impropriety.'") (quoting *IBM v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978)).

## II.    THE TIMELINESS OF THE PARTIES' POST-DECISION FILINGS

Superior Court Civil Rule 59(e) sets a five-day deadline for any motion for reargument.  Because that deadline is under 11 days, its calculation excludes weekends and holidays.[12]  So the deadline for filing was December 30, 2019—making Sun Life's filing timely.[13]  WSFS did not file a response within the five days permitted by Rule 59(e), instead filing a response in opposition fully thirty-one days after Sun Life's filing.[14]

Superior Court Civil Rule 59(e) sets "draconian" time limitations.[15]  Untimely reargument requests cannot be considered,[16] and untimely responses should be stricken.[17]  WSFS delayed filing its response under the belief that the Motion for

---

[12]     Del. Super. Ct. Civ. R. 6(a).

[13]     State offices were closed by order of the Governor on December 24, 2019.  And Rule 6(a) expressly includes within its definition of "holidays" not to be counted "those days provided by statute or appointed by the Governor or the Chief Justice of the State of Delaware."  But for this additional day, Sun Life's reargument deadline would have been Friday December 27, 2019, and the Court might then have to consider the effect of the Delaware courts' work-life balance recommendations and orders.  But the deadline became December 30th, and the Court need not.

[14]     WSFS Opp'n (D.I. 124).

[15]     *See Pulling v. Original Lincoln Logs, Ltd.*, 1990 WL 123008, *1 (Del. Super. Ct. Jul. 26, 1990) ("The time limitations in Rule 59(e) can be rather draconian.").

[16]     *See McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004) ("The reargument period cannot be enlarged.").

[17]     *Tilghman v. Delaware State Univ.*, 2012 WL 5551233, *2 (Del. Super. Ct. Oct. 16, 2012). In opposing the Motion to Strike, WSFS relies on precedents refusing to strike a filing under Super. Ct. Civ. R. 12(f), a rule relating to "redundant, immaterial, impertinent, or scandalous material," including *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 660 (Del. Super. Ct. 1985); *Phillips v. Delaware Power & Light Co.*, 194 A.2d 690, 696 (Del. Super. Ct. 1963); and *Fowler*

- 5 -

Reargument was governed by the time limitations for routine motions.[18]  But the express provisions of Rule 59(e) displace any more generous limitations applicable to other civil motions.[19]  Nevertheless, the Court will grant even unopposed requests only if the Court is persuaded that relief is appropriate.[20]

## III.  STANDARD OF REVIEW

Reargument will usually be denied unless Court has (1) overlooked a controlling precedent or legal principles, or (2) misapprehended the law or facts in a manner affecting the disposition of the underlying matter.[21]  To prevail, a party needs to "demonstrate newly-discovered evidence, a change in the law, or manifest injustice."[22]  As our Supreme Court has described, the "manifest purpose" of motions for reargument under the rules of each Delaware trial court may be "to

---

*v. Mumford*, 102 A.2d 535 (Del. Super. Ct. 1954).  Sun Life moves under Rule 59(e), not Rule 12(f).

[18]     Aff. of Simon E. Fraser ex. A (D.I. 125).

[19]     *E.g.,* Del. Super. Ct. Civ. R. 78(b) ("Responses in opposition to any motion shall be filed no later than four days prior to the hearing on the motion . . .").

[20]     *Tilghman*, 2012 WL 5551233, at *2.

[21]     *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. Ct. 2016).

[22]     *Brenner v. Village Green, Inc.,* 2000 WL 972649, at *1 (Del. Super. Ct. May 23, 2000), *aff'd*, 2000 WL 1587998 (Del. Oct. 18, 2000).
.

afford the Trial Court an opportunity to correct errors prior to appeal" but they aren't "intended to rehash the arguments already decided by the Court."[23]

## IV.   ANALYSIS

Sun Life in this Rule 59(e) Motion presents no newly discovered evidence. Nor does it reveal controlling law or precedent that went overlooked, was misconstrued, or changed during the pendency of the issue.   And it certainly demonstrates no manifest injustice.   Instead, Sun Life's arguments go to the substance of the underlying Motion, either raising arguments that the Court considered and rejected or pressing new arguments or issues that went uncontested earlier.

### A. Sun Life Conceded Ocean Gate is a Prior Cozen Client

In its Motion for Reargument, Sun Life disputes the shared corporate identity of Ocean Gate and 2018 Life Settlement LP ("2018 LS"), the entity with a continuing involvement with the Policy.   Sun Life insists that "the *only* evidence **WSFS submitted** regarding 2018 LS's connection to Ocean Gate was a barebones, conclusory affidavit."[24]   This curiously worded qualification sidesteps Sun Life's concession of the issue in its own filings when resisting Cozen's disqualification.

---

[23]     *Ramon v. Ramon*, 963 A.2d 128, 136 (Del. 2008).

[24]     Sun Life Mot. for Rearg. at 2 (D.I. 123) (italics in original, bold added).

Sun Life proffered an affidavit from Cozen's Conflicts Counsel describing prompt and diligent efforts to detect and mitigate conflicts in the present matter.[25] This includes a computer lock-out, Conflict Counsel's collection and custody of physical documents, and the firm's enactment of an ethics screen.[26] Conflict Counsel further noted that—following a series of name changes and changes in general partner—Ocean Gate is the same entity as 2018 LP.[27]

Cozen's records also indicate that its attorney-client relationship was with Ocean Gate Capital Management, LP.[28] This may be a different entity than Ocean Gate, but the person who submitted the paperwork forming Ocean Gate was a principal of the 'Capital Management' entity.[29] While the connection between Ocean Gate and Ocean Gate Capital Management LP is not entirely clear from the face of the record, Sun Life described the Conflict Counsel affidavit as establishing "the prior representation of Ocean Gate."[30] Sun Life claimed no distinction in

---

[25]  Aff. of Douglas B. Fox, Esq. (D.I. 86) [Hereinafter "Fox Aff."].

[26]  *Id*. ¶¶ 10-11.

[27]  *Id*. ¶¶ 14-16.  *See also Delaware Dept. of Transportation v. Mactec Engineering and Consulting, Inc.,* 2011 WL 6400285, at *1 (Del. Super. Ct. Dec. 14, 2011) ("A change of name by a corporation has no more effect upon the identity of a corporation than a change of name by a natural person has upon the identity of such person.") (quoting 6 FLETCHER CYC. CORP. § 2465).

[28]  Fox Aff. ¶ 14.

[29]  *Id*.

[30]  Sun Life Br. in Opp'n. at 9 (D.I. 86).  In its brief, Sun Life was unambiguous that "Ocean Gate" was the shorthand for "Ocean Gate Life Settlement Program, LP."  *Id*. at 1.

corporate identity between Ocean Gate and Ocean Gate Capital Management, LP. Sun Life developed no record establishing a true separation between them. No, Sun Life conceded prior representation. And Sun Life's mere wish to now change its earlier factual concession before the Court doesn't constitute a new factual development for Rule 59(e) purposes.

### B. The interests of Ocean Gate and Sun Life are materially adverse.

Sun Life further argues that WSFS failed to demonstrate by clear and convincing evidence that Sun Life's interests are materially adverse to Ocean Gate's because the record, as Sun Life characterizes it, does not demonstrate 2018 LS (the former Ocean Gate) retains any beneficial interest in the Policy.

Sun Life agrees that Cozen's representation of Ocean Gate related to the use of the Policy, among hundreds of similar policies, as collateral for loans from the California Public Employees' Retirement System ("CalPERS").[31] Sun Life further claims that all beneficial interest now lies with CalPERS.[32] Even if true, Sun Life's characterization of the record still amply demonstrates materially adverse interests between Ocean Gate and Sun Life. A judicial finding that the Policy is void and worthless potentially exposes Ocean Gate to suit from CalPERS over the

---

[31]    Sun Life Mot. for Rearg. at 2 (D.I. 123).

[32]    *Id*. at 3.

transactions by which Ocean Gate exchanged the Policy for value or used it as collateral—the very transactions for which Cozen was retained.

Thus, once again Sun Life itself concedes the predicate facts establishing the Rule 1.9 conflict.

### C. Cozen Work-Product and Testimony for Ocean Gate is Evidence as to the Validity of the Policy—a Jury Issue.

Sun Life relies heavily on an argument that the jury will never see the material from the Ocean Gate representation, because "[I]t is uncontroverted that they are irrelevant to the primary issue in this case—whether the Policy was void *ab initio* as an illegal wager for lack of insurable interest under Illinois law."[33]  As Sun Life sees it, work product produced in 2010 analyzing other life insurance policies Ocean Gate obtained in other jurisdictions has no relevance to whether the Policy was validly created under Illinois law years earlier.[34]  This is neither uncontroverted nor necessarily accurate.

---

[33]  Sun Life Mot. for Rearg. at 5 (D.I. 123).

[34]  *Id.*

Sun Life raised this exact argument prior to the Court's earlier ruling.[35] The relief a motion for reargument seeks is a chance to reargue.[36] But that ask to reargue is not itself an opportunity to do so.[37]

As the Court explained, in its work Cozen had to consider the procedures Ocean Gate regularly undertook in obtaining the policies in its portfolios.[38] Precisely *because* the material was produced a few years afterwards, Cozen's work constitutes evidence of business practice and habit prevailing at the time the Policy was acquired, admissible to determine how Ocean Gate acted in that acquisition.[39]

Sun Life's argument for voiding the Policy is that its facially legitimate purpose at inception was a "total sham" designed to conceal an investor's wager.[40] Far from being "uncontroverted" that the material is "irrelevant" to that issue and instead addresses only the equitable remedy of refunding premiums, Cozen's work

---

[35]     *See* Sun Life Br. in Opp'n. at 16 (D.I. 86) (arguing "The Ocean Gate Matter Is Immaterial" because the Cozen work product "concerned whether as a *general matter* the laws of several states (excluding Illinois), as of October 15, 2010, prohibited the Ocean Gate Program's general practice") (italics in original).

[36]     *See* Del. Super. Ct. Civ. R. 59(e) ("The Court will determine from the motion and answer whether reargument will be granted.").

[37]     *Schmidt v. Washington Newspaper Pub. Co.*, LLC, 2019 WL 7000039, *1 (Del. Super. Ct. Dec. 20, 2019).

[38]     2019 WL 6998156, at *6.

[39]     *Id*. n. 61 (citing Delaware Rule of Evidence 406).

[40]     Amended Compl. ¶ 37-38.

goes to the very heart of the case, evidencing how the Policy was obtained by documenting (and approving of) Ocean Gate's habitual business behavior at the relevant time.

Likewise, Sun Life's speculation that WSFS may not seek introduction of the Cozen material is unavailing. WSFS raised the possibility of Cozen work product and attorney testimony becoming evidence in its opening brief, albeit noting that they might first have to obtain a waiver of privilege.[41] Sun Life countered only that the Cozen work product was *irrelevant*, leaving unchallenged WSFS's intent to seek introduction.[42] A losing party cannot, when moving to reargue, retreat to an issue earlier raised by the victor when that same issue was earlier ignored and uncontested by the vanquished.[43]

## D. Sun Life's Proposed Alternative Remedy is Nonresponsive.

Sun Life argues that the jury could be shielded from any appearance of Cozen standing on both sides of the case by waiting to see if WSFS actually succeeds in obtaining introduction of the Cozen material, and then bifurcating the issue of unjust

---

[41]    WSFS Mot. to Disqualify Op. Br. at 28-29 (D.I. 54).

[42]    Sun Life Br. in Opp'n. at 16-18 (D.I. 86)

[43]    *Tilghman*, 2012 WL 5551233, at *3.

enrichment into a separate trial with conflict counsel.[44]  This proposal fails to grapple with the problems the Court identified in Cozen's representation in two ways.

First, Sun Life's theory fails to recognize that Cozen's work for Ocean Gate is fact evidence as to the validity of the Policy itself.  Cozen obtained confidential information from Ocean Gate about its business practices and habits.  Those habits are evidence for the jury to consider as to whether Ocean Gate acted as a *bona fide* purchaser/assignee of the Policy, or behaved as initial procurer of the Policy using the insured as a sham and proxy.  Bifurcation cannot ameliorate this danger.

Moreover, even if the Court was able to craft another remedy by which to shield the jury from the combination of knowledge of Cozen's prior involvement with Ocean Gate and current involvement with Sun Life for the trial's duration, it would be unavailing.  The intolerable specter of switching sides here would still remain; that hazard goes to the heart of the legitimacy of the adjudicatory process and the legal profession.

### E. Sun Life's Representations (New and Other) in its Motion to Strike Will Not Be Considered.

In its most recent filing, Sun Life represents to the Court that "it has recently been brought to the attention of counsel for Sun Life" that that the material from Cozen's prior representation of Ocean Gate may no longer be protected by

---

[44]    Sun Life Mot. for Rearg. at 6 (D.I. 123).

privilege.[45] Rule 59(e) does not provide for a reply (or any other supplement) by the movant after the initial five-day window has closed. An initial timely filing does not keep the window for positing new grounds for reargument open indefinitely. The novel contents of Sun Life's motion to strike are time barred.

Sun Life—while arguing WSFS's answer should be wholly stricken as untimely—emphasizes what it characterizes as WSFS's failure therein to dispute the substance of the arguments Sun Life made in its motion to reargue.[46] Arguments that WSFS must concede were raised and rejected by the Court at the Motion to Disqualify.[47] But Rule 59(e) does not obligate WSFS to recapitulate its earlier substantive pre-decision argument, nor indeed to respond at all to the reargument motion.[48] And failure to do so will not be viewed as a concession that reargument should be granted.[49]

---

[45]     Sun Life Mot. to Strike at 4-5 (D.I. 125).

[46]     *Id*. at 3-4.

[47]     *Id*. at 6.

[48]     *See* Del. Super. Ct. Civ. R. 59(e) (". . . the opposing party *may* serve and file a brief answer to each ground asserted in the motion.") (emphasis added); *Tilghman*, 2012 WL 5551233, at *2.

[49]     *Tilghman*, 2012 WL 5551233, at *2 ("[E]ven if Plaintiff's Motion for Reargument is, as he contends, 'unopposed,' this Court has a responsibility to review, and not simply rubber stamp, Plaintiff's motion. The Court's decision to grant reargument remains discretionary.").

## V. CONCLUSION

Cozen in its prior representation of Ocean Gate collected fact evidence relevant to the central questions of this litigation. Cozen work product and even attorney testimony are potentially pivotal evidence affecting every count of both the Complaint and Counterclaims. At the same time, Cozen represents Sun Life, now arguing that its former client Ocean Gate was illegally wagering on the lives of others.

No individual Cozen attorney has participated in both matters. In every instance, Cozen's attorneys individually and the firm as a whole promptly demonstrated the vigilance appropriate to the profession, and undertook precisely those prophylactic actions necessary to safeguard the confidences of their current and past clients.

Nevertheless, and without any fault to the firm or its attorneys, the strong factual relevance of this prior representation is incompatible with Cozen's continued representation of Sun Life for the reasons set forth in the Court's prior Memorandum Opinion and Order.

**IT IS SO ORDERED.**

/s/ *Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary

cc: All Counsel via File and Serve